**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MEI HUA HAN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　Respondent. | No. 13-73010<br><br>Agency No. A098-465-054<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015[**]

Before:　　McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

　　　Mei Hua Han, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on numerous inconsistencies between Han's application and testimony regarding her husband's death and her alleged interactions with police.  *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances").  The BIA reasonably rejected Han's explanations.  *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007).  In the absence of credible testimony, Han's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Han's CAT claim fails because it is based on the same evidence the BIA found not credible, and Han does not point to any record evidence that compels the conclusion that it is more likely than not she would be tortured by or with the acquiescence of the government if returned to China.  *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

13-73010